| | |
|---|---|
| 1 | The Honorable Richard A. Jones |

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVAN JAMES POLK, a/k/a JAMES MOZROK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LEONID GONTMAKHER, and JANE DOE GONTMAKHER, husband and wife, and the marital community composed thereof; CANNEX CAPITAL HOLDINGS, INC., a Canadian corporation; NORTHWEST CANNABIS SOLUTIONS, d/b/a NWCS425.COM, a Washington cannabis licensee; JOHN DOES 1-10 and JANE DOES 1-10, husbands and wives, and the martial communities composed thereof; and XYC LLCs 1-10,<br><br>Defendants. | Case No. 2:18-cv-01434-RAJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

This matter comes before the Court on Defendant Leonid Gontmakher's Motion to Dismiss (Dkt. # 6). Defendants Cannex Capital Holdings, Inc. and Northwest Cannabis Solutions d/b/a NWCS425.com join the Motion. Dkt. # 14. Having considered the

ORDER - 1

submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons stated below, Defendant's Motion is GRANTED.

## I. BACKGROUND

The following is taken from Plaintiff's Complaint (Dkt. # 1), which is assumed to be true for the purposes of this motion to dismiss.[1] *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Plaintiff Evan James Polk ("Mr. Polk" or "Plaintiff") and Defendant Leonid Gontmakher ("Mr. Gontmakher" or "Defendant") are in the cannabis business. In late 2012 or early 2013, Mr. Gontmakher approached Mr. Polk about starting a cannabis growing and processing business in Washington. Dkt. # 1 at ¶ 3.2. At the time, Washington voters had just passed Initiative 502 regulating the production, distribution, and sale of marijuana and removing related state criminal and civil penalties—codified in the Washington Uniform Controlled Substances Act as RCW § 69.50.

Under RCW § 69.50, individuals or entities intending to produce, process, or distribute cannabis must obtain either a producer/processor license or a retail license from the Liquor and Cannabis Board ("LCB"). RCW § 69.50.325. There are, of course, restrictions to who can obtain these licenses. Individuals with a criminal history are generally restricted from obtaining a license if they have 8 or more points under the LCB's point system. WAC 314-55-040. Felony convictions are assigned 12 points,

---

[1] As an initial matter, the Court notes that Mr. Polk submitted a factual declaration in support of his Opposition. Dkt. # 16. A court typically cannot consider evidence beyond the four corners of the complaint, without converting the motion to a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). There are two exceptions to this rule: (1) the court may consider a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question, and (2) the court may consider evidence subject to judicial notice. *Id.* at 688. Because Mr. Polk's declaration does not meet either of the exceptions, the Court declines to consider the declaration in ruling on this motion.

ORDER - 2

while misdemeanors are assigned 4 or 5 points. WAC 314-55-040(1). During the application process, prior state or federal convictions may be considered for mitigation on an individual basis. WAC 314-55-040(3)(b).

Mr. Polk and Mr. Gontmakher initially launched their growing operation from a relative's house. Dkt. # 1 at ¶ 3.4. After the new cannabis regulations were promulgated, they decided to purchase a producer/processor license. Dkt. # 1 at ¶ 3.3. But they soon ran into a problem. Prior to starting the business with Mr. Gontmakher, Mr. Polk pled guilty to possession of marijuana with intent to dispense in Virginia (a felony), and possession of drugs in Nevada (a misdemeanor). Dkt. # 7, Exs. A–C. As such, he was prohibited from obtaining a producer or processor license under WAC 314-55-040(3)(b), absent mitigation of his criminal convictions. After Mr. Polk and Mr. Gontmakher realized that Mr. Polk could not be listed as an owner of their licensed business, Northwest Cannabis Solutions ("NWCS"), they agreed to move forward with the business anyway, orally agreeing to be "equal partners" in their cannabis growing venture. *Id.* at ¶ 3.5. They ultimately agreed that Mr. Polk would receive a 30% ownership interest in NWCS, Mr. Gontmakher would receive a 30% interest, and the other investors would receive a 40% interest. *Id.* at ¶ 3.10. Mr. Polk's "interest" would be held in the name of one of Mr. Gontmakher's relatives. *Id.*

Over time, Mr. Polk explored different ways to make his interest in NWCS legal. Dkt. # 1 at ¶¶ 3.11–3.12, 3.17, 3.20. Although these efforts were unsuccessful, he stayed with NWCS at Mr. Gontmakher's encouragement. Dkt. # 1 at ¶ 3.16. Finally, in September 2015, Mr. Polk left NWCS. Dkt. # 1 at ¶ 3.28. After his departure, Mr. Gontmakher disputed what he owed Mr. Polk for his alleged interest in NWCS. *Id.* at ¶ 3.29. As a result, in 2018, Mr. Polk sued Mr. Gontmakher, NWCS, and the other investors in NWCS, alleging, among other things, that he is entitled to an ownership interest in NWCS and past and future profits. Dkt. # 1. Mr. Gontmakher moves to

dismiss causes of action one to four, and cause of action six, for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## II. LEGAL STANDARD

### A. FRCP 12(b)(6)

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

### A. Federal Law Precludes Enforcement of the Agreement

In the absence of a federal statute or treaty, a federal court sitting in diversity generally applies the law of the forum state. *Erie R. R. Co. v. Tompkins*, 304 U.S. 64 (1938). But where it is alleged that an agreement violates a federal statute, courts look to federal law. *See Kelly v. Kosuga*, 358 U.S. 516, 519 (1959) ("the effect of illegality under a federal statute is a matter of federal law"). Contracts that violate a federal statute are illegal and unenforceable. *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72 (1982). Here, Mr. Polk alleges that he is entitled to an ownership interest in NWCS. Dkt. # 1 at ¶¶ 3.37, 3.40, 3.42, 3.44. Under the Federal Controlled Substances Act ("CSA"), however, the production, distribution, and sale of marijuana remains illegal. 21 U.S.C. § 801 *et*

ORDER - 4

*seq.* So any agreement giving Mr. Polk an equity interest in NWCS is illegal under federal law.

Mr. Polk argues that the CSA is not an absolute bar to enforcement where the requested remedy does not require a violation of the CSA. Dkt. # 17 at 10 (citing *Bassidji v. Goe*, 413 F.3d 928 (9th Cir. 2005) ("Nuanced approaches to the illegal contract defense, taking into account such considerations as the avoidance of windfalls or forfeitures, deterrence of illegal conduct, and relative moral culpability, remain viable in federal court … as long as the relief ordered does not mandate illegal conduct."). The Court agrees. However, Mr. Polk's characterization that he is only requesting monetary damages is inconsistent with his Complaint. Mr. Polk is not requesting monetary damages that can be obtained legally. He is asserting an equity interest in NWCS and a right to its past and future profits. Dkt. # 1 at ¶¶ 3.37, 3.40, 3.42, 3.44. NWCS is a company that produces/processes marijuana. Dkt. # 1 at ¶ 1.4. Thus, awarding Mr. Polk an ownership interest in, or profits from, NWCS contravenes federal law.

### B. Washington Law Precludes Enforcement of the Agreement

Even if the Court could enforce the agreement under federal law, Mr. Polk's agreement is also illegal under Washington law. He admits as much. Dkt. # 1 at ¶ 3.7. Still, he argues, the Court should enforce the agreement because he is the less "morally guilty" party under the doctrine of *in pari delicto*. Dkt. # 17 at 13-16. At its core, *in pari delicto* is based on public policy considerations such as whether the court's decision is likely to prevent future illegal transactions and whether the public good will be enhanced. *Golberg v. Sanglier*, 96 Wash. 2d 874, 883, *amended*, 96 Wash. 2d 874 (1982) ("Ultimately, a decision as to whether a party is *in pari delicto* relies on public policy considerations … [t]he fundamental concern that should guide a court in making its decision is whether the 'public good (will be) enhanced.' ").

Here, the Court finds that the public good is not served by enforcing this agreement. *Id.* at 883. The purpose of Initiative 502 was to take "marijuana out of the hands of illegal drug organizations and bring it under a tightly regulated, state-licensed system …" *Haines-Marchel v. Washington State Liquor & Cannabis Bd.*, 406 P.3d 1199, 1218 (Wash. Ct. App. 2017), *review denied*, 191 Wash. 2d 1001 (2018), *cert. denied*, 139 S. Ct. 1383 (2019). Enforcing Mr. Polk's agreement undermines this purpose by allowing him to profit from an illegal agreement intentionally forged outside the bounds of the state regulatory system.

The Court sympathizes with Mr. Polk's plight. He helped to build a successful business from the ground up and is now being deprived of the fruits of his labors. Dkt. # 1 at ¶ 3.34. But this is a crisis of his own making. Mr. Polk's interest in NWCS was illegal from the very beginning and he knew it. Dkt. # 1 at ¶ 3.7. As he notes, there was a legal path to obtain the license, he just chose not to pursue it. Dkt. # 17 at 4. The Court will not enforce an illegal contract. Because Mr. Polk's claims are based on an unenforceable agreement, the Court finds that he has failed to state a claim under Fed. R. Civ. P. 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Failure to State a Claim is **GRANTED**. Dkt. # 6. Plaintiff shall have **ten days** from the date of this Order to file an amended pleading or the Court will dismiss this action.

DATED this 28th day of August, 2019.

The Honorable Richard A. Jones
United States District Judge