HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVAN JAMES POLK, a/k/a JAMES MOZROK,<br><br>    Plaintiff,<br><br>  v.<br><br>LEONID GONTMAKHER, and JANE DOE GONTMAKHER, husband and wife, and the marital community composed thereof; and JOHN DOES 1-10 and JANE DOES 1-10, husbands and wives, and the marital communities composed thereof,<br><br>    Defendants. | Case No. 2:18-cv-01434-RAJ<br><br>ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint. Dkt. # 34. For the reasons stated below, Defendants' motion is **GRANTED**.

## I.     BACKGROUND

On June 2, 2020, Plaintiff Evan James Polk ("Plaintiff") filed his third amended complaint for breach of contract, disgorgement of unjust enrichment, and other relief against Defendants Leonid Gontmakher, his marital community, and investors and any other individuals who were involved in Northwest Cannabis Solutions ("NWCS") and

ORDER – 1

1 profited from Plaintiff's contributions to it (collectively, "Defendants"). Dkt. # 33. The
2 Court had twice granted Defendants' motions to dismiss Plaintiff's prior complaints for
3 failure to state a claim without prejudice. Dkt. ## 20, 32. On June 16, 2020, Defendants
4 filed the pending motion to dismiss. Dkt. # 34.

5 The facts alleged in Plaintiff's Third Amended Complaint, Dkt. # 33, are
6 substantially the same as those alleged in his Amended Complaint, Dkt. #21. Because
7 the Court has already recounted them in its prior order dismissing Plaintiff's amended
8 complaint, Dkt. # 32, the Court incorporates them here and need not recount them.

9 In his Third Amended Complaint, Plaintiff revised his requests for relief in an
10 effort to align with the Court's order dismissing his prior claims. Dkt. # 33. He now
11 alleges four causes of action seeking only profits already earned, not any interest in future
12 profits related to NWCS. *Id.* at 15-18. Specifically, he seeks (1) judgment against
13 Defendant Gontmakher for 50 percent of all money previously paid to Mr. Gontmakher
14 by NWCS based on breach of contract; (2) judgment against Mr. Gontmakher for 50
15 percent of all money previously paid to Mr. Gontmakher by NWCS based on
16 disgorgement of unjust enrichment and related breaches of equity; (3) as an alternative
17 for the First and Second Causes of Action, judgment against all Defendants for 30
18 percent of all money previously paid to Defendants by NWCS based on breach of
19 contract; and (4) as an alternative for the First, Second, and Third causes of action,
20 judgment against all of the Defendants based on disgorgement of unjust enrichment and
21 related breaches of equity. *Id.*

## II. LEGAL STANDARD

23 Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a
24 claim. The court must assume the truth of the complaint's factual allegations and credit
25 all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903,
26 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are
27 contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire &*

28 ORDER – 2

*Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.   DISCUSSION

In their motion to dismiss, Defendants assert that Plaintiff has failed to remedy his claims sufficiently to survive a motion to dismiss. Dkt. # 34. Defendants argue that the claims are not cognizable for three reasons. *Id.* at 9. First, they allege that the Court is barred from enforcing illegal agreements. *Id.* Next, they claim that because Plaintiff has not been vetted by the Washington Liquor and Cannabis Board ("LCB"), the illegal agreement is not "complete" and could not be completed without Court ordering a party to violate Washington law. *Id.* And finally, they argue that enforcing the illegal agreement would "require the Court to endorse and reward [Plaintiff] for violations of the federal Controlled Substances Act ("CSA")." *Id.*

Plaintiff responds that he is "not asking the Court to 'enforce an illegal contract' but, rather, is asking the Court to restore money from an illegal contract which is due to Plaintiff and is currently in possession of the Defendants." Dkt. # 35 at 15. Plaintiff contends that his amendments render his claim cognizable pursuant to the Court's last order dismissing his claims because he is no longer requesting future profits from a business that produces and processes cannabis in violation of federal law. *Id.* at 4-5. He alleges that limiting his request for relief to past profits to which he believes he is entitled circumnavigates the Court's concern with providing relief that will require a violation of federal law and is, he claims, supported by recent case law. *Id.*

As the Court indicated in its prior order, the Court agrees with Plaintiff that recent case law involving cannabis-related business contracts does not espouse an absolute bar

ORDER – 3

to the enforcement of such contracts. *Id.* at 16; *see e.g. Green Earth Wellness Ctr., LLC v. Atain Specialty Ins. Co.,* 163 F. Supp. 3d 821, 835 (D. Colo. 2016); *Ginsburg v. ICC Holdings*, LLC, No. 3:16-CV-2311-D, 2017 WL 5467688, at *8 (N.D. Tex. Nov. 13, 2017); *Mann v. Gullickson*, 2016 WL 6473215, at *7 (N.D. Cal. Nov. 2, 2016). The Court therefore rejects Defendants' first argument that reliance on an illegal contract alone is sufficient to dismiss Plaintiff's claims. Dkt. # 34 at 9-10.

Plaintiff's second argument, however, is compelling. Under Washington law, "[a] marijuana license must be issued in the name(s) of the true party(ies) of interest." WAC 314-55-035; *see also Headspace Int'l LLC v. Podworks Corp.*, 428 P.3d 1260, 1268 (Wash. Ct. App. 2018). The statute defines a "true party of interest" as any entity or person "with a right to receive some or all of the revenue, gross profit, or net profit from the licensed business during any full or partial calendar or fiscal year" and subjects any true party of interest to a vetting process by the LCB. WAC 314-55-035(1). State law prohibits issuance of a license "unless all of the members thereof are qualified to obtain a license as provided in this section." RCW 69.50.331.

Plaintiff does not dispute that his claims seeking a share of profits generated by NWCS would make him a true party of interest under the statute. Because he has not been identified as a true party of interest in NWCS or vetted by the LCB, any grant of relief based on entitlement to a share of NWCS's profits would be in violation of the statute. In other words, by affording Plaintiff such relief, the Court would be effectively recognizing him as a true party of interest in subversion of the LCB and in violation of Washington state law. The Court cannot require payment of a share of NWCS's profits to Plaintiff based on his alleged rights to such profits—either through enforcement of the contract or disgorgement of unjust enrichment and related breaches of equity—without violating state statute. *See Bassidji v. Goe*, 413 F.3d 928, 936 (9th Cir. 2005) (holding that "courts will not order a party to a contract to perform an act that is in direct violation of a positive law directive, even if that party has agreed, for consideration, to perform that

ORDER – 4

act"). The Court could not, therefore, grant relief on any of Plaintiff's causes of action. Plaintiff thus fails to state a claim upon which relief can be granted.

Because this argument, which Plaintiff does not counter, is fatal to Plaintiff's claims, the Court need not consider the other arguments set forth. Having granted Plaintiff multiple opportunities to correct the deficiencies in his complaint, the Court now finds that further amend would be futile. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (holding that "[f]utility alone can justify the denial of a motion to amend"). The Court GRANTS Defendants' motion. Dkt. # 34.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's third amended complaint is **GRANTED** with prejudice. Dkt. # 34.

DATED this 22nd day of March, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5